UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM, A.K.A. STEVEN HAIRL WILHELM,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY A. BEARD, et al.,<br><br>Defendants. | No. 2:18-cv-1125 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 5, 7). Before this court is also a motion to expedite. (ECF No. 8). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the court shall grant plaintiff's application to proceed in forma pauperis. Plaintiff will also be given the opportunity to amend the complaint. Finally, plaintiff's motion to expedite will also be denied as improperly filed.

**I.  IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 5, 7). Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. PLEADING STANDARD

#### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

#### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV.     PLAINTIFF'S COMPLAINT

Plaintiff names Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), Jeffrey A. Beard and Dr. Ikwinder Singh of Valley State Prison[1] as defendants in this action. (ECF No. 1 at 1-2). The complaint alleges violations of right under the Equal Protection Clause of the Fourteenth Amendment and under the Americans with Disabilities Act ("ADA"). Of particular import to each of plaintiff's claims is that he suffers from an extremely large prostate which prevents him from being able to urinate on demand. (See id. at 4).

**A.     Claim I**

In Claim I, plaintiff alleges that on or around December 25, 2015, defendant Singh violated his rights under the Equal Protection Clause of the Fourteenth Amendment when he denied his request to receive a chrono to have his blood drawn in lieu of having to provide a urine sample when randomly directed to do so.[2] The record indicates that plaintiff made the request because having to urinate on demand causes him a great deal of stress and anxiety. (See ECF No. 1 at 4-5). A subsequent appeal of defendant Singh's decision not to give plaintiff the chrono was denied.[3] (See id. at 4).

////

////

////

---

[1] In the complaint, plaintiff fails to identify at which prison defendant Singh is employed. (See ECF No. 1 at 1-2). However, because plaintiff alleges that the incidents in question took place at Valley State Prison (see id. at 1), the court presumes that this is where defendant Singh is employed.

[2] Plaintiff states that random urine samples are requested of him in order to test for controlled substances or alcohol use. (See ECF No. 1 at 7).

[3] For reasons that are unclear, it appears that prior to filing the instant action, on April 2, 2018, plaintiff had filed a habeas petition in this court in an attempt to remedy this incident. The case was Wilhelm v. Beard, No. 2:18-cv-0720 WBS GGH ("Beard I"). (See Beard I, ECF No. 1). Beard I was eventually identified as a civil rights matter, and on October 12, 2018, it was dismissed pursuant to Federal Rule of Civil Procedure 41(b). (See Beard I, ECF Nos. 13, 15, 16). Plaintiff filed the instant action in May 2018, shortly after filing Beard I.

4

**B. Claim II**

    **1. Defendant Singh**

In Claim II, plaintiff alleges that he has been discriminated against and that his rights under the Americans with Disabilities Act ("ADA") have been violated. (See ECF No. 1 at 5). In support of this argument, plaintiff states that defendant Singh's denial of the requested chrono "deprived [him] of a constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete." (Id. at 5) (brackets added). As a result, plaintiff argues, defendant Singh's actions "caused deprivation of a federal right that can be fairly attributable to the State." (Id. at 5).

    **b. Defendant Beard**

With respect to defendant Beard, in Claim II, plaintiff also alleges that defendant Beard has discriminated against him and has violated his rights under the ADA. (See ECF No. 1 at 5). Specifically, plaintiff states that because defendant Beard "created the policy that fostered the action," defendant Beard has "deprived [him] of the same constitutional right as did [sic] Dr. Singh." (See id. at 5) (brackets added).

**V.    DISCUSSION**

    **A.    Claim I**

Construing the complaint liberally,[4] the court finds following: (1) that based on the facts provided, Claim I is not an equal protection claim; it is a claim which appears to allege a deliberate indifference to plaintiff's serious medical needs on the part of defendant Singh, and (2) this deliberate indifference claim as currently presented fails to state a claim upon which relief may be granted.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v.

---

[4] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998, cert. denied, 525 U.S. 1154 (1999)).

The facts plaintiff alleges against defendant Singh in Claim I neither assert that plaintiff was being discriminated against by defendant Singh, nor identify any particular protected class[5] to which plaintiff belongs. (See ECF No. 1 at 4). For these reasons, plaintiff's characterization of Claim I as an equal protection claim is improper.

Claim I is effectively an Eighth Amendment claim. Ultimately, it argues that it was improper for defendant Singh to deny plaintiff the option of being able to submit a blood test instead of a urine test when being randomly tested for controlled substances and alcohol. (See generally ECF No. 1 at 4). Construing the claim liberally, it also argues that as a result of defendant Singh refusing to give plaintiff a chrono for a blood test, defendant Singh was deliberately indifferent to plaintiff's prostate condition and that this indifference has caused plaintiff stress and anxiety, affecting his mental and emotional state in violation of his rights under the Eighth Amendment. (See id. at 4).

Construed as an Eighth Amendment deliberate indifference claim, Claim I fails to state a claim as well. This is because "[in order] to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (internal quotation marks and brackets omitted) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)); see also Colwell v. Bannister, 763 F.3d 1060, 1068 (9th Cir. 2014) (citations omitted).

"[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference as a matter of law." Jackson, 90 F.3d at 332 (citations

---

[5] To the extent plaintiff may believe that any disability he has places him in a protected class, he is mistaken. It is well-settled that the disabled do not constitute a suspect class for equal protection purposes. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

omitted).  Here, plaintiff has not provided any facts to support an implied assertion that defendant Singh's decision not issue plaintiff a chrono that would have permitted him to submit blood instead of a urine sample for random drug testing was medically unacceptable under the circumstances.  (See generally ECF No. 1).  Furthermore, "[a] difference of opinion between a physician and [a] prisoner . . . concerning what medical care is appropriate does not amount to deliberate indifference."  Colwell, 763 F.3d at 1068 (citations omitted) (brackets added).  Finally, plaintiff arguably contends that defendant Singh's decision to deny him a chrono to submit a blood sample was medically unacceptable.  This, plaintiff alleges, caused him stress and anxiety. (see generally ECF No. 1 at 4)  However plaintiff makes no assertion that defendant Singh's decision was done in conscious disregard of an excessive risk to plaintiff's health (see generally id.).

To the extent that Claim I asserts an Eighth Amendment argument of deliberate indifference to serious medical need on the part of defendant Singh, it fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).  Plaintiff will, however, be given the opportunity to amend this claim in a first amended complaint.

**B.  Claim II**

In Claim II, plaintiff alleges discrimination and a violation of his rights under the ADA. (see ECF No. 1 at 5), However he provides neither legal nor factual support for these general allegations.  (See generally id. at 5).  This is true regarding plaintiff's allegations against defendants Singh and Beard.  (See generally id. at 5).

While the court is obligated to liberally construe pro se pleadings, a litigant is not entitled the benefit of every conceivable doubt.  On the contrary, the court is obligated to draw only reasonable factual inferences in a litigant's favor.  See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (citing McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974)).

Plaintiff has provided neither sufficient facts nor law to support his allegation in Claim I that defendants Singh and Beard have violated his rights under the ADA and/or have discriminated against him.  Claim I fails to state a claim upon which relief may be granted.  As a result, plaintiff will be given the opportunity to amend it as well in a first amended complaint.

7

## VI. MOTION TO EXPEDITE

Plaintiff's motion to expedite asks the court to rule on Wilhelm v. Beard, No. 2:18-cv-0720 WBS GGH ("Beard I"). (See ECF No. 8). A review of Beard I indicates that it is a habeas case that was filed prior to this action; that it was assigned to a different magistrate and district court judge, and that it has been closed. (See Beard I, ECF Nos. 1, 15, 16). Accordingly, the motion to expedite was improperly filed in this case, and it will be denied as such.

## VII. OPTIONAL LEAVE TO AMEND

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis filed June 15, 2018 (ECF No. 5) is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

3. Plaintiff's complaint filed May 4, 2018 (ECF No. 1) is DISMISSED with leave to amend;

4. Within thirty days of the date of service of this order, plaintiff shall file a first amended complaint. Failure to file an amended complaint within the time allotted may result in the dismissal of this action for failure to prosecute, and

5. Plaintiff's motion to expedite, filed November 15, 2019 (ECF No. 8), is DENIED as improperly filed.

Dated: February 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/wilh1125.scrn